IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GARY HAMILTON,

        Petitioner,

v. : Civil Action No. 14-997-RGA

DAVID PIERCE, Warden, and
ATTORNEY GENERAL OF THE
STATE OF DELAWARE,

        Respondents.

## MEMORANDUM OPINION

Gary Hamilton. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

August 24, 2015
Wilmington, Delaware

*[signature]*

ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Lester F. Anderson ("Petitioner"). (D.I. 1) The State filed an Answer in opposition. (D.I. 9) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In October 1974, a Delaware Superior Court jury found Petitioner and his co-defendant guilty of one count of first degree murder, first degree kidnapping, and two counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"). (D.I. 9 at 3) The State voluntarily dismissed one count of murder and one of PDWDCF. A penalty hearing occurred on October 23, 1974. On February 21, 1975, Petitioner moved for a new trial. A new attorney was appointed to represent Petitioner on the motion for new trial, which included claims of ineffective assistance of counsel. The Superior Court denied the motion on December 6, 1976, and Petitioner was sentenced on January 20, 1977 as follows: life imprisonment with the possibility of parole for the murder conviction; ten years of imprisonment for the kidnapping conviction; and five years for each of the PDWDCF convictions. All sentences were to run concurrently. *Id.*

The Delaware Supreme Court affirmed Petitioner's convictions and sentences on December 20, 1977. *See State v. Hamilton*, 1990 WL 177577, at *1 (Del. Super. Ct. Nov. 9, 1990). The United States Supreme Court denied Petitioner's petition for the writ of certiorari on June 19, 1978. *See Hamilton v. Delaware*, 437 U.S. 907 (1978).

On November 29, 1978, Petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 9 at 3) The

Superior Court denied the Rule 61 motion on January 29, 1979, and Petitioner did not appeal that decision. (D.I. 9 at 3)

On May 29, 1981, Petitioner filed his first petition for a federal writ of habeas corpus. (D.I. 9 at 23, Mem. in *Hamilton v. Ellingsworth*, No. 81-223 (D. Del. Jan. 29, 1982)) The case was referred to Magistrate Judge Richard Powers, who issued a Report and Recommendation granting the State's motion to dismiss three of the claims as meritless, but directing the State to file an answer for the fourth claim. (D.I. 9 at 24, Mem. in *Hamilton v. Ellingsworth*, No. 81-223 (D. Del. Jan. 29, 1982)) The Honorable James L. Latchum adopted the Report and Recommendation on January 29, 1982, thereby dismissing the first three claims of the petition and directing the State to provide further briefing on the fourth claim. (D.I. 9 at 25, Order. in *Hamilton v. Ellingsworth*, No. 81-223 (D. Del. Jan. 29, 1982)) On March 30, 1982, Magistrate Powers recommended the dismissal of the fourth and final claim for failure to exhaust state remedies. (D.I. 9 at 26, Final Order in *Hamilton v. Ellingsworth*, No. 81-223 (D. Del. May 19, 1982)) The Honorable James L. Latchum adopted the Report and Recommendation and dismissed the remaining claim in the petition on May 19, 1982. (D.I. 9 at 26-29, Final Order in *Hamilton v. Ellingsworth*, No. 81-223 (D. Del. May 19, 1982))

Petitioner returned to state court and filed his second Rule 61 motion on June 28, 1982. (D.I. 9 at 4) After appointing counsel for Petitioner, the Superior Court denied the Rule 61 motion on April 27, 1983. Petitioner did not appeal that decision. *Id.*

Instead, in 1983, Petitioner filed in this Court a second habeas petition. (D.I. 9 at 4) The case was referred to Magistrate Judge Powers, who issued a Report and Recommendation on July 20, 1984 that the petition be dismissed. (D.I. 9 at 30-40, Rep. & Rec. in *Hamilton v. Sullivan*, No. 83-835-LON (D. Del. July 20, 1984)) The Honorable Joseph J. Longobardi

adopted the Report and Recommendation and dismissed the petition on August 15, 1984. (D.I. 9 at 41, Final Order in *Hamilton v. Sullivan*, No. 83-835-LON (D. Del. Aug. 15, 1984))

On June 19, 1990, Petitioner filed a motion for correction of sentence, which the Superior Court denied on November 9, 1990. *See Hamilton*, 1990 WL 177577, at *4.

On October 5, 1992, Petitioner filed his third Rule 61 motion. (D.I. 9 at 4) The Superior Court denied that motion on December 18, 1992. *Id.*

On February 19, 2013, Petitioner filed a Rule 61 motion and/or motion for correction of sentence. (D.I. 11, Del. Super. Ct. Crim. Dkt. Entry Nos. 110, 114) The Superior Court denied the motion on April 5, 2013 (D.I. 11, Del. Super. Ct. Crim. Dkt. Entry No. 114, 116), and the Delaware Supreme Court affirmed that judgment. *See Hamilton v. State*, 69 A.3d 371 (Table), 2013 WL 3777149 (Del. July 15, 2013).

The instant Petition is dated July 2014, and its sole ground for relief asserts that the State violated Petitioner's right to due process and the ex post facto clause by retroactively enhancing his sentence pursuant to the Delaware Supreme Court's decision in *Evans v. State*, 872 A.2d 539 (Del. 2005) ("*Evans II*") and the Truth in Sentencing Act of 1989 ("TIS").[1] According to Petitioner, the State of Delaware should treat his life sentence as a term of forty-five years that

---

[1] In *Evans v. State*, 2004 WL 2743546 (Del. Nov. 23, 2004) ("*Evans I*"), the Delaware Supreme Court held that a defendant sentenced to life with the possibility of parole prior to the enactment of TIS meant that the defendant was serving a forty-five sentence subject to conditional release. Thereafter, in *Evans II*, the Delaware Supreme Court withdrew the *Evans I* decision and clarified that a life sentence for violent offenders sentenced prior to TIS means that the sentence lasts for the balance of the prisoner's life, and that the life term does not mean forty-five years. *See Shockley v. Carroll*, 489 F. Supp. 2d 397, 400-01 (D. Del. 2007); *State v. Duffy*, 2012 WL 1415636, at *6 (Del. Super. Ct. 2012). Although good time credits may accelerate the date of parole eligibility (determined after forty-five years) for a prisoner sentenced to life with the possibility of parole before the enactment of TIS, those credits do not affect the short term release date because violent offenders are ineligible for conditional release. *See Evans v. Phelps*, 468 F. App'x 112, 115 (3d Cir. 2012).

can be reduced by good time credits, such that he would be provided with a conditional release date. In response, the State argues that, although the instant Petition does not constitute a second or successive habeas petition for § 2244 purposes, the Court should deny the Petition as time-barred.[2] (D.I. 9 at 5)

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

---

[2] The Court concurs with the State's assertion that the instant habeas petition is not second or successive for § 2244 purposes, because the sole claim asserted therein challenges the administration of Petitioner's sentence and could not have been raised in his earlier federal habeas petitions. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B) or (C). To the extent Petitioner's reliance on *Evans II* should be construed as an attempt to trigger a later starting date for AEDPA's statute of limitations under § 2244(d)(1)(D), it is unavailing. Section 2244(d)(1)(D) provides that the limitations period begins on the date on which the factual predicate of a petitioner's claim could have been discovered through the exercise of due diligence. While the Delaware Supreme Court's decision in *Evans II* might provide the legal predicate for Petitioner's sole ground for relief, it does not constitute the factual predicate for his claim because *Evans II* was not a decision rendered in his own litigation history that affected his legal status. *See Blizzard v. Deloy,* 855 F. Supp. 2d 209, 212 (D. Del. 2012); *see also Haish v. LeBlanc*, 2006 WL 3692752, at *2 (E.D. La. Dec. 11, 2006). Significantly, "[i]f a state court clarifies or changes state law in a case in which the federal habeas petitioner was not a party, and that subsequent legal determination is deemed a 'factual predicate,' then 'factual' would be meaningless." *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005). Thus, the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

In this case, Petitioner's convictions became final on June 19, 1978, the date on which the Supreme Court denied his petition for writ of certiorari. Since his judgments of conviction became final long before AEDPA's effective date of April 24, 1996, Petitioner had until April 23, 1997 to timely file his Petition. *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007) ("if direct review of a criminal conviction [] ended before the AEDPA's effective date of April 24, 1996, a prisoner has a one-year grace period after the effective date to file a habeas corpus petition, i.e., until April 23, 1997."); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004).

5

Petitioner did not file the instant § 2254 Petition until July 28, 2014,[3] more than seventeen full years after the expiration of AEDPA's statute of limitations. Therefore, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. The Court will discuss each doctrine in turn.

**A. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Petitioner's Rule 61 motion/motion for the correction of sentence that he filed in the Superior Court on February 19, 2013 has no statutory tolling effect, because it was filed long after AEDPA's limitations period expired in 1997. Accordingly, the Petition must be dismissed as time-barred, unless equitable tolling is available.

**B. Equitable Tolling**

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2)

---

[3]Pursuant to the prisoner mailbox rule, the Court adopts as the filing date July 28, 2014, which is the date on the Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahonoy*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

The Court liberally construes Petitioner's reliance on *Evans II* as constituting an implicit argument that the limitations period should be equitably tolled through April 22, 2005, the date the Delaware Supreme Court denied re-argument in *Evans II*. Because it would have been impossible for Petitioner to cite *Evans II* prior to the issuance of that decision, the Court will assume, without deciding, that *Evans II* constitutes an extraordinary circumstance for equitable tolling purposes such that the limitations period is tolled through April 22, 2005.[4] However, even with this tolling, the instant Petition is untimely. Using April 22, 2005 as the starting date for the limitations period results in a filing deadline of April 22, 2006. Petitioner did not file his Rule 61 motion in the Superior Court until February 19, 2013, and he did not file the instant Petition until July 28, 2013. Given his failure to provide any reason for waiting approximately eight years after *Evans II* to file the instant Petition (and seven years for the Rule 61 motion), the

---

[4] There is authority which suggests that a change in state substantive law does not warrant equitable tolling. *See Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) ("We have never held that a change in state substantive law constitutes an 'extraordinary circumstance' that warrants equitable tolling.").

7

Court cannot conclude that he exercised the requisite "due diligence" to warrant equitably tolling the limitations period for any of the time that passed after April 22, 2006. To the extent Petitioner's untimely filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

In short, even after tolling the limitations period in the manner implicitly requested by Petitioner, the Petition was not timely filed. Accordingly, the Court will dismiss the instant Petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied as time-barred. An appropriate Order will be entered.